# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CR-19-263-R |
| | ) |
| KAPAL DEV SHARMA | ) |
| | ) |
| Defendant. | ) |

## ORDER

The Court conducted a criminal trial on September 22–23, 2021, regarding allegations of fraud against Defendant Kapal Dev Sharma stemming from his receipt of a $3.075 million loan secured by his ownership of the Park Place Apartments (Park Place) in Elk City, Oklahoma. Hunt Mortgage Partners, LLC (Hunt), issued the note and the loan was subsequently purchased by the Federal Home Loan Mortgage Corporation (Freddie Mac) under the Small Balance Loan Program. Defendant defaulted on the note after making one late payment, resulting ultimately in Freddie Mac having to write off the loan as an approximately $2.2 million loss. The Government charged Defendant with four counts: (I) Mail Fraud Affecting a Financial Institution in violation of 18 U.S.C. § 1341; (II) Bank Fraud in violation of 18 U.S.C. § 1344; and (III and IV) two False Statements to a Financial Institution in violation of 18 U.S.C. § 1014.

At the end of the trial, the Court ruled that the Government had met its burden of proving Defendant was guilty on counts II–IV. The Court stated some of the factual underpinnings for its conclusion, indicated a written order would be forthcoming, and

withheld judgment on count I for further consideration. The Court now finds the Government has proved Defendant is guilty on count I. The Court offers the following additional explanation for its ruling:

Hunt's representative, Kirsten Bolinger (Bolinger), testified that Hunt is a financial institution as defined in 18 U.S.C. § 27 conducting activities affecting interstate commerce, and that it participated in Freddie Mac's Small Balance Loan program. Defendant applied for a Small Balance Loan with Hunt, secured by his ownership interest in Park Place Apartments in Elk City, Oklahoma. She additionally testified that Hunt used the Gerson Law Firm in San Diego as its legal counsel during the underwriting process. Bolinger testified that in his application Defendant falsely represented that his apartment complex was at 100% tenant capacity over a three-month period. He backed up this assertion by making or adopting a falsified "rent roll" excel spreadsheet that he sent to Hunt as part of the underwriting process. She also testified that Defendant claimed his revenue from Park Place was $701,888 over the one-year period from March 2015 to February 2016.

Bolinger went on to describe Hunt's underwriting process and how it initiated an appraisal through a third party. The appraisal compared the complex to similar apartment complexes that had no less than 94% occupancy. This comparison formula valued Park Place at $4.1 million. She also testified that after Defendant lost ownership the complex sold for approximately $1.35 million. Bolinger testified that Hunt would never have issued the loan to Defendant had it known the occupancy rates were much lower, as Defendant would not have been qualified under Freddie Mac's Small Balance Loan program, which requires above an 80% occupancy rate.

Jodi Wears[1] testified she worked as a notary at Mostly Mail in Elk City. The Government showed her notarized documents from Hunt's underwriting file dated April 22, 2016, and she verified they were the ones she notarized for Defendant. Wears provided receipts showing she notarized documents for Defendant on April 22, 2016, and that Defendant paid to have two packages shipped by FedEx that same day. She further verified via the receipts that she sent the packages to Hunt's attorneys in San Diego and a title company in San Francisco. Special Agent David Mosakowski later found the notarized documents in Hunt's underwriting file.

Two witnesses, Angela Wills and Bridgett Wiseman, testified they worked for Defendant during the 2015–2016 period. Both testified that during their employment Defendant consistently asked them to advertise to secure more tenants. He additionally told both employees the building needed more tenants so he could make more money. Wills and Wiseman both testified that Defendant lived at Park Place and visited the units in the complex regularly.

Special Agent David Mosakowski testified that he is the lead investigator in charge of the Defendant's case. During his investigation, Mosakowski obtained Defendant's business accounts and the valid, non-falsified rent rolls. They showed that Park Place's actual occupancy hovered between 30% and 50% and generated approximately $372,000 annually. These numbers were far lower than the 100% occupancy and approximately $700,000 Defendant had represented to Hunt during the application process. He further

---

[1] Jodi Wears married and changed her last name from Attebery to Wears during the time between the events described and trial.

3

testified that after finishing the documentation process, Defendant received the money from the loan. He used the money to buy out his business partner, hire a contractor, refinance his prior debts, and pocketed at least $65,000.

## COUNT I

Element one of Mail Fraud Affecting a Financial Institution requires that Defendant devised or intended to devise a scheme to defraud a financial institution. 10th Cir. Model Jury Instructions at 203. Defendant represented to Hunt in his application forms that his complex had 100% tenant occupancy. He further backed up this false representation by making or adopting a falsified rent roll and a falsified income statement. He also certified the truthfulness of all of his representations and documents in his application forms. Defendant undertook these actions in the hopes of securing a loan from a financial institution far in excess of the value of his property. The Court finds these facts satisfy element one of count I.

The second element mandates that Defendant act with specific intent to defraud. *Id.* Here, Defendant asked two of his employees to advertise to secure more tenants in his complex. He additionally expressed concerns to both of his employees about low occupancy rates. Defendant was also no absentee landlord. He lived in Park Place and would accompany his employees around the complex when they visited units. The Court has no doubt that Defendant knew Park Place was nowhere near full occupancy, and specifically intended to misrepresent the complex's occupancy rates when he provided false information to Hunt. He intentionally did so to obtain a loan far in excess of the value

of his property. Defendant's actions fulfill element two of Mail Fraud Affecting a Financial Institution.

The third element of Mail Fraud Affecting a Financial Institution requires that the government prove Defendant deposited or caused to be deposited items for transport via a private commercial interstate carrier for purposes of carrying out his scheme or fraud. *Id*. Defendant had several documents notarized on April 22, 2016, by Wears in Elk City, Oklahoma. A receipt issued to Defendant on that date confirms she sent two separate packages, one to Hunt's attorneys, the Gerson Law Firm, and one to Fidelity National Title, both in California. Agent Mosakowski found these notarized documents—a Multifamily Mortgage, Assignment of Rents, and Security Agreement, in Hunt's underwriting files for Defendant's loan. The Government has proven that Defendant caused these documents to be deposited with FedEx for purposes of carrying out his scheme, thereby establishing the third element of 18 U.S.C. § 1341.

The fourth element of count I sets out that Defendant's false representations must have been material to Hunt's decision to issue the loan. *Id.* Hunt hired a third party to appraise Defendant's complex. During that appraisal, the third party used a value formula that compared Park Place to similar apartment complexes that were at no less than 94% occupancy. Freddie Mac requires applicants for its Small Balance Loan program to have at least 80% occupancy to qualify. Had Hunt known the truth about Park Place's occupancy rates actually being between 30% and 50%, it would have been unable to grant the loan in the first place. The Court holds that these facts make Defendant's misrepresentations material, fulfilling element four.

Finally, element five requires that Defendant's scheme must have affected a financial institution as defined by statute 18 U.S.C. § 27. *Id.* Hunt is a financial institution as defined. Hunt issued a non-performing loan based on Defendant's scheme and misrepresentations. Additionally, Freddie Mac purchased the non-performing loan believing it was in compliance with its Small Balance Loan program. Freddie Mac ultimately suffered an approximately two-million-dollar loss due to Defendant's fraud. The Court finds that Defendant's scheme and fraudulent misrepresentations affected a financial institution, meeting the requirement of element five. The Court further holds that all five elements of Mail Fraud Affecting a Financial Institution are met and finds the Defendant guilty under count I.

## COUNT II

The first element of Bank Fraud requires Defendant knowingly executed a scheme to defraud Hunt to obtain money or property from Hunt by means of false or fraudulent representations. *Id.* at 210. Here, the analysis is similar to elements one and two of count I. Defendant represented in his application forms that Park Place had 100% occupancy and supported this representation by making or adopting a falsified rent roll and income statement. His goal was to obtain a loan that was in excess of the value of his property. Defendant did this while living at his complex and being aware Park Place was nowhere near 100% occupancy. The Court is satisfied that the evidence proves element one of count II.

Element two of Bank Fraud states that Hunt was a financial institution within the meaning of the law. *Id.* Hunt is indeed such an institution. The third element requires that

Defendant intended to defraud Hunt. *Id.* The analysis here is similar to count I, element two. Defendant asked two of his employees to advertise to secure more tenants in his complex. He additionally expressed concerns to both of his employees about the low occupancy rates. He lived in Park Place and would accompany his employees around the complex when they visited units. Defendant knew his apartment complex was not fully occupied and yet represented that it was, in order to obtain a loan much larger than the value of his property. The Court holds element two is satisfied.

The fourth element of Bank Fraud requires Defendant's false or fraudulent representations are material, meaning they would naturally tend to influence or were capable of influencing Hunt's decision. *Id.* The analysis here is identical to count I, element four. Freddie Mac requires applicants for its Small Balance Loan program to have at least 80% occupancy to qualify. Had Hunt known the truth about Park Place's occupancy rates, it would have been unable to grant the loan in the first place. The Court finds Defendant's actions were material, satisfying this element.

Element five of Bank Fraud states that Defendant's false representations must have put Hunt at risk of civil liability or financial loss. *Id.* Hunt issued a loan based on Defendant's false representations about his complex's occupancy rates. The note had a value of almost three times the actual sales price of the complex after Defendant lost ownership. Hunt was certainly at risk of financial loss at the time had Freddie Mac discovered this fraud and refused to purchase the loan from Hunt. As for Freddie Mac, it has lost over two million dollars due to Defendant's actions. Therefore, the Court holds

element five for Bank Fraud is satisfied. The Court also holds that the Defendant is guilty of count II.

### COUNTS III and IV

Counts three and four are based on the same elements and will be discussed together. Element one of False Statement to a Financial Institution requires that Hunt is a federally insured financial institution. *Id*. at 177. As discussed above, Hunt meets these requirements. The second element requires Defendant to have made a false statement. *Id*. In count III, the charged false statement is a falsified rent roll and in count IV the charged false statement is a falsified income statement. Defendant is the only person who supplied information to Hunt about his business. Although the evidence is not clear as to who made the falsified documents, it is clear that Defendant submitted them and adopted them by certifying his application forms. The Court finds that Defendant's actions satisfy element two of counts III and IV.

Element three of False Statement to a Financial Institution requires that Defendant knew his representations were false when he made them. *Id.* As stated above, Defendant knew his apartment was not at 100% occupancy because he lived there, and he was concerned about securing more tenants. He also knew his income as he expressed concern over renting out more units to make more money. Defendant certainly knew Park Place did not have a valid rent roll that showed 100% occupancy. He also knew he was not making over $700,000 a year from his complex. The Court is satisfied that element three of counts III and IV are met.

Finally, the fourth element of False Statement to a Financial Institution requires that Defendant intended to influence Hunt to provide him a loan that exceeded the value of his property. *Id.* Similar to above, Defendant knew his apartment complex was not fully occupied, yet represented that it was in order to obtain a loan much larger than the value of his property. The Court holds element four is met. The Court also finds Defendant guilty on counts III and IV.

Although Defendant argues other parties may have been involved, he is the only person on trial and the alleged wrongful actions of third parties are not before the Court. Regardless, even if there are other bad actors involved in this scheme, the evidence shows beyond a reasonable doubt that Defendant intentionally misrepresented his complex's occupancy to obtain a loan that exceeded the value of his property and Hunt relied on these representations when it issued the loan. For these reasons, the Court finds the Defendant guilty of all counts.

**IT IS SO ORDERED** this 28th day of September 2021.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE